**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (CINCINNATI)**

| | | |
|---|---|---|
| DAJOHN M. BARNES,<br><br>Plaintiff,<br><br>vs.<br><br>CO WHITLEY,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 1:26-cv-00511<br><br>District Judge Susan J. Dlott<br>Magistrate Judge Caroline H. Gentry |

## ORDER

This case is currently before the Court on an initial matter concerning Plaintiff's complaints. (Doc. 1; *see also* Doc. 5). It is also before the Court on Plaintiff's motion to appoint counsel (Doc. 6); motions for discovery and for insufficiency of process (Docs. 7; 9); and motion for transfer to another prison (Doc. 8).

## I. THE COMPLAINTS

On May 26, 2026, Plaintiff filed a Complaint against Defendant CO Whitley. (Doc. 1). Later, in June 2026, he filed a Second Complaint alleging different claims against a different Defendant—CO Hufferd. (Doc. 5). It is not clear whether Plaintiff intended the Second Complaint to start a new case against Defendant Hufferd or to amend or supplement the original Complaint against Defendant Whitley.

"An amended complaint supersedes an earlier complaint for all purposes." *Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014) (quoting *In re Refrigerant Compressors Antitrust Litigation,* 731 F.3d 586, 589 (6th Cir. 2013) and citing *Pacific*

*Bell Telephone Co. v. Linkline Commc'ns, Inc.,* 555 U.S. 438, 456 n. 4 (2009)); *see Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (holding that the amended complaint supersedes all previous complaints and becomes the operative pleading). "The original complaint is thereafter 'null and void.'" *O'Byrne v. Weyerhaeuser Co.*, No. 2:19-cv-2493, 2020 WL 1814129, at *1 (S.D. Ohio Apr. 9, 2020) (quoting *Glass v. The Kellogg Co.*, 252 F.R.D. 367, 368 (W.D. Mich. 2008) (in turn quoting *Vadas v. U.S.*, 527 F.3d 16, 22 n.4 (2d Cir. 2007)).

Here, it is not clear whether Plaintiff intended to file the Second Complaint, which includes a different case caption than the original Complaint, in this case or as a new case. (*See* Doc. 5, at PageID 42). Given his *pro se* status, the **CLERK OF COURT** is **DIRECTED** to send Plaintiff a copy of the initial Complaint (Doc. 1) and the Second Complaint (Doc. 5). Plaintiff **SHALL** inform the Court within **THIRTY (30) DAYS** of the date of this Order whether he intended to file the Second Complaint (Doc. 5) in this case or as a new case. Plaintiff may also inform the Court whether he intended to file the Second Complaint as a supplement to the initial Complaint. In this event, the initial Complaint and Second Complaint would be screened together, *see* 28 U.S.C. §§ 1915A(a) and 1915(e)(2), and subject to the requirements in Federal Rules of Civil Procedure 18, 19, and 20 regarding joinder of claims and joinder of parties.

Plaintiff is **WARNED** that if he fails to respond to this Order, the undersigned will treat the Second Complaint (Doc. 5) filed in this case as an amended complaint that replaces the original Complaint in this case for screening and all other purposes, and will

treat the original Complaint (Doc. 1) as a nullity and disregard it. *See Calhoun*, 769 F.3d at 410.

## II. MOTIONS

### A. Motion to Appoint Counsel

Plaintiff asks the Court to appoint counsel to represent him. (Doc. 6). The law does not require the appointment of counsel for indigent Plaintiffs in civil cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those Plaintiffs. The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Id.* at 605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases which proceed to trial, and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear in this case. As our sister court in the Eastern District of Michigan has reiterated:

> "An 'exceptional circumstance' is something 'beyond relatively routine circumstances such as illiteracy, poverty, lack of legal knowledge, or illness.'" (ECF No. 18, PageID.67) (quoting *Andwan v. Village of Greenhills*, No. 1:13-cv-624, 2017 WL 194347, at *7 (S.D. Ohio Jan. 18, 2017)). The difficulties of litigating a case due to incarceration alone do not warrant appointment. *See, e.g., Jeter v. Lawless*, No. 1:19-CV-623, 2019 WL 6044202 (S.D. Ohio Nov. 15, 2019) (no exceptional circumstances found where plaintiff alleged difficulty in litigating matter due to incarceration and placement in segregation).

*Sanders v. Purdom*, No. 2:23-cv-11413, 2024 WL 4294635, at *1 (E.D. Mich. Sept. 25, 2024).

Accordingly, Plaintiff's motion to appoint counsel (Doc. 6) is **DENIED without prejudice**. Plaintiff may refile his motion if this case proceeds past summary judgment motions that are filed later in the case.

**B. Motions for Discovery and Insufficiency of Process**

Plaintiff has not properly signed these motions. (*See* Docs. 7; 9). A *pro se* plaintiff who has filed a case in federal court must personally sign each of his or her own filings. *See English v. Equifax Info. Servs., LLC*, No. 1:24-cv-240, 2026 LX 266792, at *7-8 (S.D. Ohio May 15, 2026) (citing Fed. R. Civ. P. 11) (Rule 11 requires "that an unrepresented party personally sign filings submitted to the Court and certify that the factual and legal contentions therein are made in good faith after reasonable inquiry.")

The required signature is a *handwritten* signature. *See Becker v. Montgomery*, 532 U.S. 757, 764 (2001) ("we read the requirement of a signature [in Rule 11] to indicate, as a signature requirement commonly does, and as it did in John Hancock's day, a name handwritten (or a mark handplaced)."); *McFarlin v. City of Wayne*, No. 26-cv-10011, 2026 U.S. Dist. LEXIS 49649, at *3, (E.D. Mich. Mar. 6, 2026) (Rule 11 "requires that each Plaintiff personally sign their filings with a handwritten signature."); *Jacquelyn S Jordan Tr. v. City of Franklin*, No. 3:22-cv-326, 2022 U.S. Dist. LEXIS 86013, at *3, (M.D. Tenn. May 12, 2022) (Rule 11 "requires a handwritten signature, not a typed name"); *Greene v. Rochester Villas Apartments, Inc.*, No. 25-13926, 2026 WL 30640, at

*1 (E.D. Mich. Jan. 5, 2026) ("Although Greene's typed name appears at the end of the complaint, the document is not dated, there is no signature block or other indication that the typed name serves as an electronic signature, and the document was not submitted through an electronic account belonging to Plaintiff. This does not suffice as a signature. As Rule 11(a) is framed, the requirement of a signature generally means a handwritten signature, and other rules only permit electronic signatures with sufficient indicia of authenticity."); *Watkins v. LaSalle Bank*, No. 25-cv-13901, 2025 U.S. Dist. LEXIS 261898, at *4 (E.D. Mich. Dec. 18, 2025) (striking an unsigned complaint and noting that "Plaintiff may refile an amended complaint that contains her handwritten signature").[1]

The Court therefore **DIRECTS** the Clerk of Court to **STRIKE** these motions from the docket (Docs. 7; 9). Plaintiff may sign and resubmit these motions if he desires at an appropriate time.[2]

---

[1] Although the Rules contain an exception that allows approved 'Filing Users' of the Court's electronic filing system to type their signatures, Plaintiff is not an approved Filing User, and his own handwritten signature must therefore appear on each paper he files. *See* S.D. Ohio Civ. R. 83.5(b)-(c); Fed. R. Civ. P. 5(d)(3)(B); Fed. R. Civ. P. 5(d)(3)(C).

[2] Plaintiff's motions for discovery (Doc. 7) and his motion for insufficiency of process (Doc. 9), which the Court understands to be a motion for default judgment, are premature. At this time, no Defendant has been served with process. The Court must first screen the operative complaint and decide what claims can proceed before Defendants will be served. Furthermore, as to the motions for discovery, such requests are not to be filed of record. Fed. R. Civ. P. 5(d). Instead, Plaintiff should serve Defendant (of their counsel, if they have counsel) directly with such requests. Only when he has conferred with counsel and exhausted attempts to solve the issues informally may he bring them to the Court. *See* S.D. Ohio Civ. Local Rules 5.4 and 37.1. Plaintiff's motions for discovery and for insufficiency of process (Docs. 7; 9) are therefore premature.

### C. Motion for Transfer

Plaintiff has also failed to sign his motion for a transfer to another prison (Doc. 8), which the Court understands to seek a preliminary injunction. The Clerk of Court is **DIRECTED** to **STRIKE** this Motion from the docket as well.[3]

## III. CONCLUSION

The **Clerk of Court** is **DIRECTED** to send Plaintiff a copy of the initial Complaint (Doc. 1) and the Second Complaint (Doc. 5) along with this Order.

---

[3] In determining whether to issue a preliminary injunction, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;
2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;
3. Whether an injunction will cause others to suffer substantial harm; and
4. Whether the public interest would be served by a preliminary injunction.

*Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689-90 (6th Cir. 2014); *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)). A preliminary injunction is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is entitled to such relief." *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-49 (6th Cir. 2017) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *see also Overstreet*, 305 F.3d at 573.

Plaintiff has not shown that a preliminary injunction is warranted in this case. For the reasons set forth above, it is not clear at this time which Complaint is the operative one. In the absence of an operative Complaint, Plaintiff cannot establish a strong likelihood of success on the merits; that he is likely to be subject to irreparable harm in the absence of preliminary injunctive relief; whether an injunction will cause others to suffer substantial harm; or whether the public interest would be served by a preliminary injunction. *See Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.") (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir.1994)). *See also Bradshaw v. Dahlstrom*, No. 3:20-cv-292, 2021 WL 12302025, at *2 (D. Alaska Apr. 1, 2021) ("Without an operative complaint" the plaintiff "cannot show a likelihood of success on the merits; that he is likely to be subject to irreparable harm in the absence of preliminary injunctive relief; or that the balance of equities tips in his favor."). Moreover, "[w]ith regard to Plaintiff's request to be transferred to another prison, this Court is particularly mindful that courts are generally hesitant to interfere with matters of prison administration and should defer to the professional judgment of prison administrators." *Moore v. Olson*, No. 2:16-cv-10, 2016 WL 3364662, at *1 (W.D. Mich. June 17, 2016) (citing *Overton v. Bazzetta*, 539 U.S. 126, 132, 123 S. Ct. 2162, 2167 (2003)). If this motion were signed, the undersigned would recommend that the Court deny it without prejudice. (Doc. 8).

Plaintiff is **ORDERED** to file a response within **THIRTY (30) DAYS** of the date of this Order indicating whether he intended to file the Second Complaint (Doc. 5) in this case or as a new case. Plaintiff may also inform the Court whether he intended to file the Second Complaint as a supplement to the initial Complaint, subject to the requirements in Federal Rules of Civil Procedure 18, 19, and 20 regarding joinder of claims and joinder of parties.

The **Clerk of Court** is further **DIRECTED** to **STRIKE** the unsigned Motions for Discovery (Doc. 7), Insufficiency of Process (Doc. 9), and Transfer (Doc. 8) from the docket.

The Court **DENIES** without prejudice Plaintiff's motion for appointment of counsel. (Doc. 6).

Plaintiff is **REMINDED** that he must keep this Court informed of his current address while this case is pending and promptly file a Notice of New Address if he is released or transferred.

**IT IS SO ORDERED.**

*s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge